## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LADARION D. STANTON
8216 Laurel Hill East
Olive Branch, MS 38654

        Petitioner,

        v.

JAMES A. JACOBSON
Major General, U.S. Air Force
Commander
Air Force District of Washington
1500 West Perimeter Road
Suite 5790
Joint Base Andrews, MD 20762

    and

UNITED STATES,

        Respondents.

Case No. 1:19-cv-_____

## PETITION FOR A WRIT OF HABEAS CORPUS

### Introduction

Petitioner, LaDarion D. Stanton, respectfully petitions this Court for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering his immediate, formal discharge from the United States Air Force. Additionally, Petitioner seeks an order enjoining Respondent from taking any further action in Petitioner's case that is purportedly authorized by the Uniform Code of Military Justice (UCMJ).

On July 25, 2018, Respondent, Major General James A. Jacobson, acting as the Convening Authority (CA) for the Air Force District of Washington (AFDW), approved Petitioner's request to be discharged in lieu of trial by court-martial Under Other Than Honorable Conditions. (Ex. 1.)

Petitioner was effectively discharged in September 2018. Petitioner is no longer receiving pay or benefits, and he is currently attending college in Mississippi. Nevertheless, six months after leaving the Air Force, Petitioner still has not received his DD 214 reflecting his formal separation from the military. And the Air Force Court of Criminal Appeals (AFCCA), acting contrary to Supreme Court precedent, has asserted jurisdiction over his administrative separation. *Clinton v. Goldsmith*, 526 U.S. 529, 536 (1999) ("[T]he CAAF is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act as plenary administrator even of criminal judgments it has affirmed.").

Petitioner seeks compliance with the agreement he made with Respondent and Petitioner's immediate, formal discharge from military service.

## Jurisdiction

"[A] petition for a writ of habeas corpus is recognized as an appropriate remedy for servicemen who claim to be unlawfully retained in the Armed Forces." *United States ex rel. New*, 919 F. Supp. 491, 495 (D.D.C. 1996) *citing*

*Parisi v. Davidson*, 405 U.S. 34, 39 (1972). This Court therefore has jurisdiction under 28 U.S.C. §§ 1331 and 2241.

## Venue

Venue is proper in this District under 28 U.S.C. § 1391(e)(1).

## The Parties

Petitioner is a former Airman First Class in the United States Air Force. He resides in Mississippi: 8216 Laurel Hill East, Olive Branch, MS 38654.

Respondent is a Major General in the United States Air Force and the Commander of Air Force District of Washington. He is sued in his official capacity.

## Background

### A.  Petitioner's Court-Martial and Successful Direct Appeal.

Petitioner pleaded guilty at a general court-martial to one charge and specification of larceny of non-military property of a value of $500 or less, or more specifically, a set of Beats headphones by Dr. Dre and an iPad.

Contrary to his pleas, he was convicted by officer members of two specifications of sexual assault and one specification of aggravated sexual contact in violation of Article 120, UCMJ. 10 U.S.C. § 920 (2012). The members sentenced Petitioner to a dishonorable discharge, confinement for ninety-six months, total forfeiture of pay and allowances, reduction to E-1,

and a reprimand. The CA approved the sentence as adjudged and, except for the dishonorable discharge, ordered it executed.

On February 7, 2018, AFCCA affirmed Petitioner's larceny conviction, but set aside the remaining charge and specifications in accordance with the Court of Appeals for the Armed Forces' (CAAF) decision in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Stanton*, 2018 CCA LEXIS 70 (A.F. Ct. Crim. App. 2018). The Court authorized a rehearing as to the charge and specifications that were set aside and as to the sentence.

### B. Petitioner and Respondent Agree to an Administrative Discharge in Lieu of the Rehearing Authorized by AFCCA.

On July 20, 2018, the Respondent, after determining a rehearing to be impracticable, withdrew the alleged violations of Article 120, UCMJ, from a rehearing previously ordered on March 20, 2018. (Ex. 2.)

Five days later, on July 25, 2018, the Respondent approved Petitioner's request for discharge in lieu of court-martial for the only remaining charge and specification, the previously affirmed conviction for larceny in violation of Article 121, UCMJ. (Ex. 1.)

Bizarrely, two days after agreeing to separate Petitioner in lieu of court-martial, on July 27, 2018, Respondent also approved a sentence of "no punishment" for the larceny offense previously affirmed by AFCCA.[1] (Ex. 3.)

---

[1] Respondent may have approved a sentence of no punishment pursuant to Rule for Courts-Martial (R.C.M.) 1107(e)(2)(C)(iii), believing he was required to do so on remand after determining rehearing as to sentence to be impracticable. But a rehearing wasn't merely impracticable in this case.

But because the Respondent and Petitioner bargained for an administrative discharge in lieu of the court-martial authorized by Respondent, there was neither a charge, nor a rehearing as to sentence, nor any punishment adjudged at that rehearing for the CA to approve.

Stranger still, AFCCA docketed Petitioner's "case" following the Respondent's purported approval of no punishment for a sentence rehearing that never occurred.

### C. AFCCA Asserts Military Jurisdiction Over Petitioner's Administrative Discharge.

Believing AFCCA had docketed Petitioner's "case" in error, Petitioner moved to dismiss his administrative discharge from the Court's docket on November 9, 2018. For reasons that remain unclear in light of the bargain struck between Respondent and Petitioner, the Air Force Appellate Government Division opposed Petitioner's motion to dismiss his "case." And, citing no authority for the proposition that the military Courts of Criminal Appeals may docket and adjudicate administrative discharges, the Government prevailed. *But see, Clinton v. Goldsmith,* 526 U.S. 529 (1999). On November 27, 2018, AFCCA denied Petitioner's motion to dismiss for lack of jurisdiction.

On December 7, 2018, Petitioner sought a writ of mandamus from the CAAF ordering AFCCA to dismiss his "case." The CAAF summarily denied

---

Petitioner and Respondent had already contracted to resolve Petitioner's case administratively regardless of practicability.

the petition without explanation on December 19, 2018. *Stanton v. United States*, 78 M.J. 258 (C.A.A.F. 2018) (mem.).

On March 8, 2019, AFCCA ordered the Government to show cause as to why Petitioner's "case" shouldn't be remanded to Respondent to approve a sentence of no punishment in accordance with Rule for Courts-Martial 1107(e)(2)(C)(iii). (Ex. 4.) Thus, it appears AFCCA is prepared to review—and potentially affirm—Petitioner's conviction for a larceny offense that Petitioner and Respondent agreed would be dealt with administratively in lieu of court-martial.

Accordingly, Petitioner seeks an order barring Respondent from taking further action in his "case" under the UCMJ and further directing his immediate, formal discharge from the United States Air Force.

## Grounds for Relief

Petitioner, who has no court-martial conviction, much less a jurisdictional sentence under Article 66, UCMJ, has unsuccessfully sought to have his non-existent criminal case dismissed by AFCCA. And he has failed despite controlling precedent from the Supreme Court.

Petitioner's case is on all fours with *Clinton v. Goldsmith*, where the Supreme Court reversed CAAF's assertion of jurisdiction over the Air Force's administrative separation of an officer whose case CAAF had previously reviewed. "[T]he CAAF is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act

as plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. "Simply stated, there is no source of continuing jurisdiction for the CAAF over all actions administering sentences that the CAAF at one time had the power to review." *Id.*

The military appellate courts, "and courts-martial in general, being creatures of Congress created under the Article I power to regulate the armed forces, must exercise their jurisdiction in strict compliance with authorizing statutes." *Ctr. For Constitutional Rights v. United States*, 72 M.J. 126, 129 (C.A.A.F. 2013). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 128 (citation omitted).

There is no statutory basis for AFCCA to assert jurisdiction over Petitioner and his administrative discharge. *See*, 10 U.S.C. §866. "[T]he military has no authority to subject *civilians* to court-martial proceedings." *New v. Cohen*, 129 F.3d 639, 644 (D.C. Cir. 1997). Intervention by this Court is immediately warranted "where the issue presented concern[s] not only the military court's jurisdiction, but also whether under Art. I Congress [allows] the military to interfere with the liberty of civilians even for the limited purpose of forcing them to answer to the military justice system." *Schlesinger v. Councilman*, 420 U.S. 738, 759 (1975). Petitioner—a civilian—need answer to military authority no longer.

### Conclusion

Respondent and Petitioner agreed to an administrative separation in lieu of the sentence rehearing authorized by AFCCA on remand. Petitioner waived his right to be sentenced by a military jury, and agreed to be discharged Under Other Than Honorable Conditions, a characterization of service with potentially lasting collateral consequences. *See, e.g. Robertson v. Gibson*, 759 F. 3d 1351, 1356 (Fed. Cir. 2014). In exchange, Respondent agreed the larceny allegation would be dealt with administratively, thus sparing Petitioner a misdemeanor criminal conviction and terminating military jurisdiction.

The parties reached this agreement after the Respondent's Staff Judge Advocate, identified "significant litigation risk for the government" should the government proceed forward with a rehearing. (Ex. 2 at 2.) "[T]he likelihood of a court-martial panel adjudging a punitive discharge for the larceny alone is incredibly low." (*Id.*)

Each party is entitled to the benefit of the bargain struck below and, respectfully, AFCCA is not the "plenary administrator" of that administrative process. *Goldsmith*, 526 U.S. at 536. AFCCA may not insert itself into the administrative discharge process and impose a criminal conviction that has been disposed of administratively.

### Relief Requested

Petitioner prays that the Court enter a judgment—

(a) ordering Respondent to immediately issue Petitioner's DD 214; and

(b) enjoining Respondent from taking further action in Petitioner's case pursuant to the UCMJ;

(c) vacating any orders of AFCCA asserting jurisdiction over Petitioner's administrative separation from the U.S. Air Force.


Very Respectfully submitted,


Brian L. Mizer
Senior Appellate Defense Counsel
Virginia Bar No. 79384
Air Force Legal Operations Agency
United States Air Force
1500 W. Perimeter Road, Suite 1100
Joint Base Andrews, MD 20762
brian.l.mizer.civ@mail.mil
brian.l.mizer.mil@mail.mil
(703) 695-5052


March 12, 2019

## Certificate of Service

I certify that on March 12, 2019, I caused the foregoing to be served on the Staff Judge Advocate for Respondent by electronic mail in addition to electronically filing Petitioner's pleading with the Court.


Brian L. Mizer